Agustin De La CRUZ–VASQUEZ;
Maria Guadalupe De La Cruz–
Garcia, Petitioners,

v.

John ASHCROFT, Immigration
and Naturalization Service
Respondent.

No. 00–71024.

I & NS No. A76–354–808 A76–354–809.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2002.

Decided Feb. 13, 2002.

Before TROTT, THOMAS and
WARDLAW, Circuit Judges.

MEMORANDUM *

Petitioners seek review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), which denied their "Motion To Reconsider Based On Newly Acquired Evidence." We deny the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Our review is confined to the final order of the BIA dated August 1, 2000. In that decision, the BIA correctly concluded that although the petitioners had styled their request as a motion to reconsider, it was more appropriately construed as a motion to reopen because it was based on the submission of additional evidence.[1] After carefully considering the record, briefs, and oral arguments of the parties, we conclude that the BIA did not abuse its discretion in denying the motion to reopen because petitioners were statutorily ineligible for cancellation of removal pursuant to INA § 240B(d).[2]

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. If the motion were deemed to be a true motion for reconsideration, then it was untimely pursuant to 8 C.F.R. § 3.2(b)(2), as the BIA correctly noted.

2. Contrary to the BIA's decision, there was a basis in the record for concluding that the petitioners satisfied the continuous presence requirement of 8 U.S.C. § 1229b(b) because petitioners tendered some evidence that they first entered the country in 1986. However, given the resolution of this case, we need not address this issue.